UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 07-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. BRIAN HICKS, a/k/a "Solo," a/k/a "S,"

    Defendant.
_____

**ORDER**
_____

THIS MATTER came before the Court on a hearing on December 9, 2008 on the government's Motion to Dismiss the Superseding Indictment Dated June 4, 2008, Without Prejudice [doc. #670, filed December 4, 2008]; Defendant Willie Clark's Motion to Dismiss with Prejudice [doc. #671, filed December 4, 2008]; Defendant Brian Hicks's Motion to Allow Inspection and Examination of the Source Lists and Master Jury Wheel of the Denver Division, to Determine Composition of Qualified Juror Pools [doc. #343, filed February 4, 2008]; Defendant Willie Clark's Motion to Exclude Cooperating Witness Testimony and Request for a Reliability Hearing [doc. #395, filed March 21, 2008]; and Defendant Brian Hicks's Motion to Exclude Cooperating Witness Testimony and Request for Reliability Hearing [doc. #399, filed March 25, 2008].

On December 9, 2008, minutes of the proceeding were filed [doc. #691]. I find that the minutes are accurate and complete except for what is stated regarding Defendant Brian Hicks's Motion to Allow Inspection and Examination of the Source Lists

and Master Jury Wheel of the Denver Division, to Determine Composition of Qualified Juror Pools [doc. #343]. The minute entry stating that motion is granted is hereby replaced by what is contained in this Order.

Defendant Brian Hicks requested the Court to allow his attorney's agent to inspect the master jury wheel of the Denver Division, along with juror qualification forms and qualified jury wheel. Hicks wanted to determine whether the panels for the second superseding grand represent a fair cross section of their community, based on the jurors' occupation, national origin, and race. *See United States v. Test*, 420 U.S. 28, 29-30 (1975) (finding that an unqualified right to inspect jury lists, in connection with preparation of motions challenging jury selection procedures, is required by both the plain text of the Jury Selection and Service Act and its overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community") (citing 28 U.S.C. §§ 1861, 1867(f)). In addition, Hicks wanted to ensure that the grand jurors are qualified as residents of the appropriate geographic area. At the hearing, the parties agreed that it would be inappropriate to release jurors' personal information. In accordance with their wishes, I conclude that both sides are allowed to access the source lists and master jury wheel of the Denver division to obtain information regarding potential jurors' occupation, national origin, race, and zip code, but they are not to obtain any other information regarding the potential jurors. Accordingly, it is hereby

ORDERED that Defendant Brian Hicks's Motion to Allow Inspection and Examination of the Source Lists and Master Jury Wheel of the Denver Division, to Determine Composition of Qualified Juror Pools [doc. #343, filed February 4, 2008] is

**GRANTED in part and DENIED in part**.  The government and Hicks's counsel, or his agent, are allowed access to the source lists and master jury wheel of the Denver division for the identification number, occupation, race, national origin, and zip code of the grand jury panels in the second superseding indictment, but not for any other information.

Dated: December 22, 2008.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge