IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Criminal Action No. 07-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**4.  Brian Hicks**,

    Defendant.

___

# ORDER
___

THIS MATTER is before the Court on defendant, Brian Hicks's, Motion To Dismiss For Speedy Trial Act Violation [ECF No. 1228] and Motion To Dismiss Pursuant To The Sixth Amendment And Federal Rule Of Criminal Procedure 48 [ECF No. 1229].

## BACKGROUND

On July 12, 2011, a Grand Jury returned a Third Superseding Indictment [ECF No. 1059] charging the defendant, Brian Hicks, with:  (1) conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1)[1]; (2) three counts of using a telephone to facilitate a felony, specifically, distributing and possessing with the intent to distribute or conspiring to distribute and

---

[1] Pursuant to 21 U.S.C. § 841(a)(1):

> (a) Unlawful acts. Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally--
>   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . .

- 2 -

possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 843(b)[2]; (3) possession with the intent to distribute more than 500 grams but less than five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm or any ammunition used in a firearm while having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1)[3]; and, (5) possession or the purchase of body armor intended to protect against gunfire while having been convicted of a felony crime of violence, in violation of 18 U.S.C. § 931.[4]

---

[2] Pursuant to 21 U.S.C. § 843(b):

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this title or title III. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

[3] Pursuant to 18 U.S.C. § 922(g)(1):

> (g) It shall be unlawful for any person--
>    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
>
> \*   \*   \*   \*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[4] Pursuant to 18 U.S.C. § 931(a):

> (a) In general. Except as provided in subsection (b), it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is--
>    (1) a crime of violence (as defined in section 16 [18 USCS § 16]); or
>    (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States.

The charges contained in the Third Superseding Indictment arise out of events that occurred in 2006. In April of 2006, law enforcement officers executed valid search warrants at two separate residences that were alleged to be drug stash houses run by Hicks. As a result of the searches, police seized firearms, crack cocaine, drug scales, and other drug paraphernalia. On November 9, 2006, law enforcement officers performed a routine traffic stop on a black, Lexus sport-utility-vehicle ("SUV"), in which Hicks was seated in the front passenger seat. Co-defendant Malcolm Watson was driving the vehicle and co-defendant Haven Brewer was seated in the backseat. Law enforcement officers performed the routine traffic stop because they had information obtained via a valid wiretap, that Hicks was in possession of a duffel bag containing four kilograms of cocaine. As the officers approached the SUV, Watson drove away. A high speed chase ensued and officers observed a black bag being thrown out of the passenger side of the vehicle. The high-speed chase continued until Watson stopped the SUV, and Hicks and Brewer began to run on foot to evade law enforcement officers. All three defendants were eventually apprehended and arrested. Law enforcement officers recovered the black bag and found what they believed to be four kilograms of cocaine, which was later confirmed by lab analysis. A Grand Jury returned the original Indictment [ECF No. 3] against Hicks and his co-defendants on April 25, 2007, and Hicks was arraigned on May 8, 2007.

On November 15, 2012, Hicks filed a Motion To Dismiss For Speedy Trial Act Violation [ECF No. 1228], arguing that a speedy trial violation has occurred because 106 days have elapsed since the disposition of any pending motion in this case. On the same day, Hicks filed a Motion To Dismiss Pursuant To The Sixth Amendment And

Federal Rule Of Criminal Procedure 48 [ECF No. 1229], arguing that his right to a speedy trial under the Sixth Amendment to the Constitution of the United States has been violated because he has not gone to trial for any charges against him since his original arraignment on May 8, 2007.  Hicks also argues that such delay requires dismissal of the Third Superseding Indictment and all charges against him contained therein pursuant to Rule 48 of the FEDERAL RULES of CRIMINAL PROCEDURE.

## ANALYSIS

### A.  Hicks's Motion To Dismiss For Speedy Trial Act Violation [ECF No. 1228]

The Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1).  The Tenth Circuit has held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Tenth Circuit has further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar." *Id.*; *see also* 18 U.S.C. § 3161(h).

Among periods of delay which may be excluded is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or

other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).  In *Henderson v. United States*, 476 U.S. 321 (1986), the Supreme Court of the United States explained in detail the tolling period provided for by 18 U.S.C. § 3161(h)(1)(D), which was formerly 18 U.S.C. § 3161(h)(1)(F) prior to the 2008 Amendments.  The Supreme Court stated:

> Subsection (F), written in the disjunctive, excludes time in two situations.  **The first arises when a pretrial motion requires a hearing**: subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing.  **The second situation concerns motions that require no hearing** and that result in a "prompt disposition."  There, the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S. Rep. No. 96-212, at 34.  The "point at which time will cease to be excluded" is identified by subsection (J), which permits an exclusion of 30 days from the time a motion is actually "under advisement" by the court.  Without the promptness requirement in subsection (F), a court could exclude time beyond subsection (J)'s 30-day "under advisement" provision simply by designating the additional period as time "from the filing of the motion" through its "disposition" under subsection (F).  As the Senate Committee on the Judiciary explained:
>
> "In using the words 'prompt disposition', the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to permit circumvention of the 30-days, 'under advisement' provision contained in Subsection (h)(1)(J). Indeed, if motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days." *Ibid*.

476 U.S. at 329 (emphasis added).

Hicks argues that my August 1, 2012, Orders [ECF Nos. 1218 & 1219] disposed of all pending motions and therefore ended the tolling of his speedy trial deadline.[5]

---

[5] On August 1, 2012, I issued Orders denying Hicks's Motion To Dismiss On Speedy Trial Grounds [ECF No. 1218] and Hicks's Motion To Suppress Stop And Fruits Obtained As A Result Thereof Pursuant To The Fourth Amendment Of The United States Constitution [ECF No. 1219].

Hicks states that because 106 days elapsed from August 2, 2012, to the time he filed the present motions before this Court on November 15, 2012, a speedy trial violation has occurred.

Hicks further argues that the Government's Motion For Trial Setting Conference To Set Trial [ECF No. 1220], filed on August 2, 2012, does not toll his speedy trial deadline. Hicks relies on *United States v. Gonzalez*, 137 F.3d 1431 (10th Cir. 1998). In *Gonzales*, the defendant was charged with armed robbery of a bank. Due to personal conflicts, the parties were unable to schedule a trial date prior to the 70 day speedy trial deadline. The Court granted an ends of justice continuance and set the trial for a later date. The defendant argued that the continuance violated the Speedy Trial Act. The Government argued that the continuance was irrelevant because the defendant had filed a motion to dismiss the Indictment which tolled the speedy trial deadline. The Court held that the defendant's motion to dismiss did not toll the speedy trial deadline because: (1) the motion merely reduced to writing the defendant's objections that he raised at a prior hearing; (2) the district court had already resolved the issue which defendant raised, and therefore the motion was moot; and, (3) the motion served to simply memorialize the defendant's objections in writing. 137 F.3d at 1435. Hicks argues that the Government's motion [ECF No. 1220] simply reduces to writing what was understood at the July 3, 2012, hearing: "that upon the Court's ruling of the then pending pretrial motions the case should be set for trial." ECF No. 1228, p. 5, ¶ 14. Thus, Hicks argues that under *Gonzalez*, the Government's motion should not toll the speedy trial deadline.

In the alternative, Hicks argues that even if the Court finds that the Government's motion [ECF No. 1220] tolls the speedy trial deadline, under *Henderson*, the motion only tolls the speedy trial deadline for 30 days because the motion does not require a hearing. Thus, according to Hicks, if the Government's motion [ECF No. 1220] tolled the speedy trial deadline for 30 days, Hicks's 70 day speedy trial deadline expired on November 10, 2012, resulting in a speedy trial violation.

The Government argues that its motion [ECF No. 1220] tolls Hicks's speedy trial deadline because it requires a hearing. The Government states that there are several trial-related issues that have yet to be resolved, and the proposed Trial Setting Conference would encompass more than merely setting a trial date. First, the Government states that the Court has yet to determine whether the trial will proceed in a bifurcated manner *i.e.*, separate juries for certain counts in the Indictment and multiple jury pools for voir dire. Second, the Government states that the Court has yet to decide on the manner in which it will conduct voir dire. The Government states that due to the Hicks's presence in local newspapers regarding state court charges, special procedures are required to ensure that the Court empanels a fair and impartial jury to decide this case. Third, the Government states that Hicks alluded to the possibility of requesting his counsel to withdraw and proceeding *pro se*. Though Hicks's counsel has not filed a motion to withdraw, the Government states that such a scenario would bring about multiple issues with which the Court would have to decide. Given these three particular issues, the Government argues that its motion [ECF No. 1220] requires a hearing and therefore tolls Hicks's speedy trial deadline.

On July 3, 2012, I held a Motions Hearing. During the hearing, all three issues raised by the Government, bifurcation, voir dire, and Hicks proceeding *pro se*, were discussed. The Government raised the issue of bifurcated trials regarding Hicks's drug-related charges and the charges for possessing bullets while having been convicted of a felony and possessing a bulletproof vest while having been convicted of felony crime of violence. Hicks's counsel raised the issue of Hicks's verbal request to proceed *pro se*, and I discussed at length the possible procedures that may need to be implemented with respect to voir dire *e.g.*, a questionnaire. Specifically, I stated:

> Then what I will then do is set a status conference, soon after I enter these orders, or about the same time I enter these orders, at which times, we will set a trial date, and we will figure out when – how long the trials will last, and we will talk about the mechanics of everything we've talked about today.

ECF No. 1235-1, p. 47, ll. 15-20. Thus, after review of the record, it is clear that the Government's Motion For Trial Setting Conference To Set Trial [ECF No. 1220] requires a hearing and that hearing will encompass several important trial-related issues. While the Government could have made these issues more facially apparent in its motion [ECF No. 1220], its failure to do so does not change the fact that important trial-related issues remain unresolved and are connected to its motion. Because the Government's Motion For Trial Setting Conference To Set Trial [ECF No. 1220] requires a hearing, it tolls Hicks's speedy trial deadline. Therefore, I find that that there is no speedy trial violation and Hicks's Motion To Dismiss For Speedy Trial Act Violation [ECF No. 1228] is DENIED.

**B. Hick's Motion To Dismiss Pursuant To The Sixth Amendment And Federal Rule Of Criminal Procedure 48 [ECF No. 1229]**

Hicks argues that the failure to set a trial date since his initial arraignment on May 8, 2007, violates his right to a speedy trial under the Sixth Amendment. Hicks also argues that such delay necessitates dismissal of the Third Superseding Indictment pursuant to FED. R. CRIM. P. 48.

**1. Hicks's Right to a Speedy Trial Under the Sixth Amendment**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend VI. The speedy-trial right is necessarily relative [and it is] "consistent with delays and depend[ent] upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (citing *Barker v. Wingo*, 407 U.S. 514, 522 (1972)). The right to a speedy trial cannot be quantified into a specific number of days or months and it does not hinge on the defendant's specific request for a speedy trial. *Id*. at 89-90 (citations omitted). Thus, the right is both "amorphous" and "slippery." *Id.* at 89.

To determine whether a defendant's Sixth Amendment right to a speedy trial has been violated, I must balance four factors: (1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his speedy trial right; and, (4) whether the delay prejudiced the defendant. *Barker*, 407 U.S. at 530. None of these factors is a necessary or sufficient condition. Rather "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. However, the length of the delay functions as "triggering mechanism" in that until there is some delay that is "presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530.

### a. Length of Delay

This factor "defines a threshold inquiry:  there must be a delay long enough to be 'presumptively prejudicial.'" *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) (quoting *Barker*, 407 U.S. at 530).  Hicks argues that his 66 month delay since his initial arraignment (five and half years) is presumptively prejudicial.  I agree.  I find that the 66 month delay from Hicks's initial arraignment on May 8, 2007, is presumptively prejudicial.  Therefore, Hicks satisfies this threshold inquiry.

### b. Reason for Delay

The assessment of the reason(s) for delay begins with determining what portion of the delay is attributable to each party.  "[D]ifferent weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.  Moreover, "whether the government or the criminal defendant is more to blame for th[e] delay" must also be considered. *Doggett v. United States*, 505 U.S. 647, 651 (1992).  Delay attributable to the defendant does not weigh against the Government, rather it weighs against the defendant. *See U.S. v. Gould*, 672 F.3d 930, 937 (10th Cir. 2012).

Hicks concedes that he is responsible for a portion of the delay in this case.  However, Hicks argues that the delay since August 1, 2012, is solely attributable to the Government and the Government has sought to further toll the speedy trial deadline by filing its Motion For Trial Setting Conference To Set Trial [ECF No. 1220] on August 2, 2012.

On August 1, 2012, I issued an Order denying Hicks's Motion To Dismiss For Speedy Trial Grounds [ECF No. 1218].  In that Order, I explained that the delays in this case are primarily attributable to Hicks.  Specifically, I stated:

> Here, I find that the delay in this case is primarily attributable to Mr. Hicks.  During the course of this litigation, he has had five different attorneys in four separate teams represent him; he has filed numerous pretrial motions; and Mr. Hicks has delayed hearings and sought continuances on more than one occasion.  While there is no question that Mr. Hicks has a right to file multiple pretrial motions, these motions have resulted in numerous periods of excludable time and multiple continuances.  Additionally, Mr. Hicks requested that his federal case trail his state murder prosecution–causing yet further delay.  "Delays attributable to the defendant do not weigh in favor of a Sixth Amendment violation." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009).  Because Mr. Hicks' actions were the primary cause of the delay, this factor weighs heavily against finding a constitutional violation. *See United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006).

ECF No. 1218, p. 6, ¶ 1.  Since the issuance of that Order, no set of facts has arisen that would change my analysis under this factor.  Thus, I find that this factor weighs against Hicks.

### c.  Hicks's Assertion of his Right to Speedy Trial

"The defendant's assertion of the speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *United States v. Dirden,* 38 F.3d 1131, 1138 (10th Cir.1994).  While a defendant who fails to demand a speedy trial does not inherently waive that right, "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 532.

Hicks argues that he has timely asserted his right to a speedy trial under the Sixth Amendment.  Hicks has previously filed two separate motions on speedy trial grounds:  (1) Motion To Dismiss (Speedy Trial Act) [ECF No. 1078], filed on August 4, 2011; and, (2) Motion To Dismiss On Speedy Trial Grounds [ECF No. 1196], filed on

May 20, 2012.  There is no evidence that Hicks has failed to timely assert his right to a speedy trial under the Sixth Amendment.

### d.  Whether the Delay has Prejudiced the Defendant

Prejudice is assessed "in light of the particular evils the speedy trial right is intended to avert: 'pretrial incarceration; …anxiety and concern of the accused; and…the possibility that the defense will be impaired." *United States v. Batie*, 433 F.3d 1287, 1292 (10th Cir. 2006) (citing *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991)).  "The most serious of these is impairment of the defense because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* (citations omitted).  The individual claiming the Sixth Amendment violation has the burden of showing particularized prejudice. *Toombs*, 574 F.3d at 1275 (10th Cir. 2009).  However, where extreme delay exists, and particularly when it is attributable to the government, a defendant need not present specific evidence of prejudice. *See Doggett*, 505 U.S. at 655 (1992) (recognizing that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or…identify").  However, "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Id.*

Hicks argues that he has suffered prejudice because, "[f]or the majority of the time since May 8, 2007, Mr. Hicks has been in administrative segregation at the Federal Correctional Institution – Special Housing Unit, and has suffered the prejudice of the opprobrium of this federal indictment and indefinite confinement in administrative segregation." ECF No. 1229, p. 4, ¶ 11.  If Hicks has suffered prejudice, it is by his own accord.  As previously stated, Hicks has had five different attorneys and sought

continuances on more than one occasion. A defendant cannot unilaterally create delay then claim that such delay has caused him prejudice.

Considering the four *Barker* factors and the circumstances surrounding this case, I find that Hicks's right to a speedy trial under the Sixth Amendment has not been violated. Therefore, Hicks's motion to dismiss the Third Superseding Indictment pursuant to the Sixth Amendment is DENIED.

### 2. Hicks's FED. R. CRIM. P. 48 Claim

Pursuant to FED. R. CRIM. P. 48(b):

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>
>> (1) presenting a charge to a grand jury;
>>
>> (2) filing an information against a defendant; or
>>
>> (3) bringing a defendant to trial.

Hicks argues that "[b]ecause of the extraordinary and unexcused delay in bringing Mr. Hicks to trial in this case, the Court should, on its own motion (even if the Court finds less than a Constitutional violation has occurred), dismiss the Indictment(s)." ECF No. 1229, p. 5, ¶ 12. Based on my analysis of Hicks's motions to dismiss and the facts surrounding this case, I find that unnecessary delay has not occurred in bringing Hicks to trial and his motion to dismiss the Third Superseding Indictment pursuant to FED. R. CRIM. P. 48 is without merit. Therefore, Hicks's motion to dismiss the Third Superseding Indictment pursuant to FED. R. CRIM. P. 48 is DENIED.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Hicks's Motion To Dismiss For Speedy Trial Act Violation [ECF No. 1228] is **DENIED**. It is

FURTHER ORDERED that Hicks's Motion To Dismiss Pursuant To The Sixth Amendment And Federal Rule Of Criminal Procedure 48 [ECF No. 1229] is **DENIED**. It is

FURTHER ORDERED that the parties shall attend a hearing on **Wednesday**, **March 6**, **2013**, **at 3:00 p.m. in Courtroom A-1002** regarding the Government's Motion For Trial Setting Conference To Set Trial [ECF No. 1220]. It is

FURTHER ORDERED that the parties **shall confer with one another prior to the hearing** regarding all pertinent pending trial-related matters including *inter alia*:  (1) separate trials for specific Counts in the Indictment; (2) multiple jury panels; (3) voir dire; (4) proposed dates for a Trial Preparation Conference; (5) expected length of trial(s); and, (6) proposed dates for trial(s). It is

FURTHER ORDERED that the parties shall file a Joint Status Report **on or before Monday**, **February 18**, **2013**, which contains all the above-referenced information and any other pertinent and relevant information relating to trial, including, opposing counsel's objections to any proposed procedures, if any.

Dated:  January 23, 2013.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge