IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  07-cr-00184-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. BRIAN HICKS, a/k/a "Solo," a/k/a "S,"

    Defendant.
_____

**ORDER**
_____

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on the Government's Motion and Brief in Support of Dismissal without Prejudice (ECF No. 1479), filed May 29, 2015, and the Defendant's Motion and Brief to Dismiss with Prejudice for Speedy Trial Act Violation (ECF No. 1480), filed May 29, 2015.  On June 29, 2015, the parties filed simultaneous responses.   On July 7, 2015, the Court held a hearing during which the parties engaged in oral argument on these motions.

By way of background, on February 11, 2014, a Judgment (ECF No. 1362) was entered in this case, in which the Defendant pleaded guilty to and was convicted of: (1) one count of possession with intent to distribute more than five kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II); (2) one count of possession of a firearm or ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) one count of possession of body armor by a felon previously convicted of a crime of violence in

violation of 18 U.S.C. §§ 931 and 924(a)(7).  The Defendant was sentenced to a total term of 240 months imprisonment to be served concurrently with the sentence imposed in Denver County District Court Case No. 08CR10479, and a total of five years of supervised release.

On February 25, 2014, the Defendant filed a Notice of Appeal (ECF No. 1375) from the conviction and sentence imposed by the Court.  The Defendant raised two arguments in his appeal.  Namely, that the Court erred in denying his two motions to dismiss based on alleged violations of his speedy trial rights under the Speedy Trial Act and Sixth Amendment, and that the Court violated the prohibition against judicial participation in plea negotiations.  In *United States v. Hicks*, 779 F.3d 1163 (10th Cir.2015), the Tenth Circuit affirmed in part and reversed in part the Court's ruling, and remanded with directions.  Specifically, the Tenth Circuit concluded that the Defendant's Speedy Trial Act rights were violated, but his Sixth Amendment rights were not.  The Tenth Circuit then remanded with directions to determine whether the charges against the Defendant will be dismissed with or without prejudice.  The Tenth Circuit did not address the Defendant's argument that the Court improperly participated in plea negotiations because the Tenth Circuit concluded that the Defendant is entitled to relief under the Speedy Trial Act.

For the reasons stated below, the Government's Motion and Brief in Support of Dismissal Without Prejudice (ECF No. 1479) is granted, and the Defendant's Motion and Brief to Dismiss With Prejudice for Speedy Trial Act Violation (ECF No. 1480) is denied.  Accordingly, the charges against the Defendant are dismissed without prejudice.

II.     STANDARD OF REVIEW

The factors that a court shall consider in deciding whether to dismiss a case with or without prejudice for a violation of the Speedy Trial Act include: "the seriousness of the offense; the facts and circumstances of the case that led to the dismissal; and the impact of a reprosecution on the administration of . . . [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see also United States v. Toombs*, 713 F.3d 1273, 1280 (10th Cir.2013). "Prejudice to a defendant occasioned by the delay should also be considered." *Toombs*, 713 F.3d at 1280. "The district court retains broad discretion whether to dismiss the indictment with or without prejudice." *United States v. Abdush-Shakur,* 465 F.3d 458, 462 (10th Cir.2006). A dismissal of an indictment with prejudice "should be reserved for more egregious violations." *Id.*

III.     ANALYSIS

      A.     Seriousness of the Offense

As to the first factor, in the Tenth Circuit "felony drug charges have [generally] been treated as serious offenses" under the Speedy Trial Act. *United States v. Saltzman*, 984 F.2d 1087, 1093 n. 8 (citing *United States v. Taylor*, 487 U.S. 326, 337-38 (1988)). If the charges against the defendant are deemed to be serious offenses, this factor weighs in favor of dismissal without prejudice. *Toombs*, 713 F.3d at 1280. "[W]hen the charges are serious, courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of a showing of prejudice." *Saltzman*, 984 F.2d at 1093 (internal quotations marks omitted).

On July 12, 2011, a third superseding indictment (ECF No. 1059) was issued, which included the following charges: one count of conspiracy to distribute five

kilograms or more of a schedule II controlled substance and 280 grams or more of a schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and (b)(1)(A)(iii), and 21 U.S.C. § 846; three counts of knowing use of a communication facility in committing and in causing and facilitating the commission of one or more felonies in violation of 21 U.S.C. §§ 843(b) and (d); one count of knowing distribution and possession with intent to distribute more than 500 grams, but less than five kilograms of a schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II); one count of knowing and unlawful possession of a firearm and ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1); and one count of knowing and unlawful purchase, ownership, or possession of body armor by a previously convicted felon in violation of 18 U.S.C. § 931.

The Government asserts and the Defendant concedes that his offenses in this case are serious. I agree that the Defendant's offenses are serious and note that the Tenth Circuit has treated felony drug charges, such as the Defendant's, as serious offenses under the Speedy Trial Act. Accordingly, I find that the first factor weighs in favor of dismissal without prejudice.

    B.    Facts and Circumstances

As to the second factor, the court should consider "the culpability of the delay-producing conduct." *Toombs*, 713 F.3d at 1280 (quoting *Saltzman*, 984 F.2d at 1093). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." *Saltzman*, 984 F.2d at 1093-94. "Conversely, '[a] defendant who waits passively while

the time runs has less claim to dismissal with prejudice than does a defendant who demands, but who does not receive, prompt attention." *Id.* at 1094.

In this case, the Tenth Circuit concluded in its opinion that "the Speedy Trial Act was violated because at least seventy non-excludable days elapsed between August 1 and November 15, 2012." *Hicks*, 779 F.3d at 1170. The Tenth Circuit based its conclusion "on two premises: first, that the August 2 motion did not require a hearing, and therefore only thirty days are excludable after it was under advisement; and second, that the motion was under advisement at the time it was filed because it did not require a response from Hicks." *Id.* The Tenth Circuit also determined that the Defendant was responsible for much of the delay in this case. The Tenth Circuit explained that "[h]e filed more than forty unique motions, including several requesting the district court extend filing deadlines or continue hearings. He also changed counsel several times during the course of the proceedings. And he requested that his federal prosecution be delayed until his state prosecution for first-degree murder was concluded." *Id.* at 1168. The Tenth Circuit further explained that "the record does not suggest that the delay attributable to the Government resulted from anything other than benign reasons such as the Government's negligence and the Court's crowded docket." *Id.*

The Defendant contends that the delay that gave rise to the violation resulted from a pattern of neglect on the part of the Government and the Court. The Defendant explains that the Government filed its Motion for Trial Setting Conference to Set Trial (ECF No. 1220) and allowed it to languish on the Court's docket for more than 55 days without action. The Defendant acknowledges that he is responsible for some of the

delays in the proceedings that have occurred since his initial appearance, but states that he bore no responsibility for the delay that gave rise to the violation.

Based on the foregoing, I am not persuaded that the delay that gave rise to the violation resulted from a pattern of neglect or intentional dilatory conduct. Additionally, the Defendant has less of a claim to dismissal with prejudice because he waited passively while the time ran on the Speedy Trial Clock. The Defendant contends that he did not stand by passively and that he asserted violations of his speedy trial rights at the earliest possible moment, within five calendar days (three business days) of the violation. While the Defendant may have promptly asserted violations after the violation occurred, he waited passively until the violation occurred. He did not at any time before the violation demand prompt attention. On balance, I find that the second factor weighs in favor of dismissal without prejudice.

      C.      Impact of Reprosecution on Administration of Act and Justice

As to the third factor, the pertinent issue is "the prejudice suffered by the defendant from the delay." *Saltzman*, 984 F.2d at 1094. In considering this factor, "the defendant has a burden under the Act to show specific prejudice other than that occasioned by the original filing." *Id.*

The Defendant first contends that there will be no deterrent effect for violating the Act and no incentive for the Government to adhere to its provisions if the Court allows the Government to reprosecute him. I disagree. In *Saltzman*, the Tenth Circuit rejected an argument that "[t]o grant dismissal without prejudice would sanction the conduct described herein and undermine the Act." *Id.* *Saltzman* noted that the Supreme Court has also rejected this notion and that "dismissal without prejudice is not a toothless

sanction but forces the Government to obtain a new indictment and raises potential statute of limitations problems." *Id.* (quoting *Taylor*, 487 U.S. at 342).

The Defendant further asserts that the administration of justice will be served and not harmed if this case is dismissed with prejudice. The Defendant explains that reviving this prosecution would be a waste of taxpayer funds and the Court's valuable time. The Defendant further explains that he has already been sentenced to life without parole plus 120 years in the Colorado Department of Corrections and there is no penological goal served by subjecting him to a superfluous punishment in this case. In response, the Government states, and I agree, that in the absence of a showing of prejudice, the Government typically has the prerogative of determining its own priorities.

Finally, the Defendant asserts that he has suffered unfair prejudice as a result of the violation due to the loss of evidence and an unavailable witness in this case. The Defendant states that on May 11, 2011, the Denver Police Department intentionally destroyed evidence in this case, including a bag of suspected crack, four blocks of suspected cocaine, a nylon bag, a bag with drug packaging for four blocks of suspected cocaine, and an envelope with cocaine samples from four blocks of suspected cocaine. However, "[i]f anything, the destruction of this evidence may have a benefit to Mr. Hicks because it removes relevant evidence that the Government might otherwise use to prove large scale drug dealing." ECF No. 1210, p. 9. "[T]he destruction of evidence in this case does not amount to a violation of Mr. Hicks' constitutional due process rights because he has failed to demonstrate that the evidence was potentially useful[ ] to his defense and that the government acted in bad fai[th]." *Id.* at pp. 10-11.

In regard to the unavailable witness, the Defendant asserts that he has suffered unfair prejudice because Gerardo Toribio, the Government's witness who allegedly sold the Defendant cocaine on November 9, 2006, is no longer available.  Mr. Toribio was deported to Mexico after pleading guilty to count two of the second superseding indictment on November 21, 2008 and being sentenced to time served on February 19, 2014.  The Defendant states that he has a constitutional right to confront witnesses against him and that Mr. Toribio made statements during an interview that were not consistent with the Government's evidence.  Quoting *Abdush-Shakur*, the Government responds by stating that "[t]here is no evidence the defendant . . . lost a crucial witness because of the delay, nor [has he offered] any evidence as to how the absence of this witness testimony prejudiced his case." *Abdush-Shakur,* 465 F.3d at 464 (internal quotation marks omitted).  The Government further asserts that if it attempts to introduce prior statements from Mr. Toribio, the defense will have the opportunity to argue for their exclusion and that this possible sequence of future events provides no basis for dismissal with prejudice.

The Defendant has a burden under the Act to show specific prejudice and I agree with the Government that the Defendant has not met this burden.  The Defendant's assertion that Mr. Toribio made statements during an interview that were not consistent with the Government's evidence is insufficient.  It does not indicate that the witness was lost because of the delay, nor does it explain how the absence of Mr. Toribio's testimony has prejudiced his case.  For these reasons, I find that the third factor weighs in favor of dismissal without prejudice.

- 9 -

IV.   CONCLUSION

Based on the totality of the factors, I find that dismissal without prejudice is the only just result.  Accordingly, it is

ORDERED that the Government's Motion and Brief in Support of Dismissal without Prejudice (ECF No. 1479) is **GRANTED** and the charges against the Defendant are **DISMISSED without prejudice**.  It is

FURTHER ORDERED that the Defendant's Motion and Brief to Dismiss with Prejudice for Speedy Trial Act Violation (ECF No. 1480) is **DENIED**.

Dated:  July 10, 2015.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE